IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CATHY J. MILLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:04-CV-789-A |
| | § | |
| JO ANNE B. BARNHART, | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the above-captioned action wherein Cathy J. Miller ("Miller") is plaintiff and the Commissioner of Social Security, currently Jo Anne B. Barnhart, ("Commissioner") is defendant. On December 21, 2005, the United States Magistrate Judge issued his proposed Findings, Conclusions, and Recommendation ("FC&R"), and granted the parties until January 11, 2006, in which to file and serve any written objections thereto. On January 11, 2006, plaintiff filed her objections. Defendant filed a response to those objections on January 24, 2006. For the reasons given below, the court has concluded that the objections lack merit.

I.

Standards of Review

Pursuant to 42 U.S.C. § 405(g), the only issues before the court are whether the final decision of the Commissioner that plaintiff is not disabled within the meaning of the Social

Security Act is supported by substantial evidence, and whether the decision complies with applicable legal standards. Crouchet v. Sullivan, 885 F.2d 202, 204 (5th Cir. 1989). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 390 (1971). The court may not reweigh the evidence or substitute its opinion for that of the Commissioner, but must scrutinize the record in its entirety to ascertain whether substantial evidence exists to support the Commissioner's findings. Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987).

Substantial evidence is more than a mere scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Crouchet, 885 F.2d at 204. In determining whether the Commissioner's decision is supported by substantial evidence, the court considers (1) objective medical facts and clinical findings, (2) diagnosis of examining physicians, (3) subjective evidence of pain and disability as testified to by the claimant, and (4) the claimant's age, education, and work history. Smith v. Schweiker, 646 F.2d 1075, 1077 (5th Cir. Unit A June 1981). "[N]o substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988) (citing Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)). In the end, "[t]he inquiry [] is whether the record, read as a whole, yields such evidence as would allow a reasonable

mind to accept the conclusions reached by the [Commissioner]." Loza v. Apfel, 219 F.3d 378, 393 (5th Cir. 2000).

Once the magistrate judge has issued his proposed findings, conclusions, and recommendations, and the plaintiff has made objections thereto, the district judge makes a de novo determination of those portions of the magistrate judge's specified proposed findings or recommendations to which objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

II.

The Decision of the Administrative Law Judge

The decision of the administrative law judge ("ALJ") became the final decision of the Commissioner.  Tr. at 5.  The ALJ found that:

(1) "Miller has met the disability insured status requirements of the [Social Security] Act since her alleged onset date of May 9, 2001."[1]  Tr. at 18.

(2) "Miller has not engaged in substantial gainful employment at any time since May 9, 2001."  Id.

---

[1] When Miller applied for disability benefits in September 2000, she gave January 1, 2000, as the date when she became unable to work because of her disabling condition.  Tr. at 539.  She, through her attorney, reiterated that contention on April 16, 2003, the day before the hearing before the ALJ.  Tr. at 158.  Not until after the hearing commenced on April 17, 2003, did Miller change the onset date to May 9, 2001.  Tr. at 52.

3

 (3)

 Miller has "severe" impairments in that she is status post two lumbar discectomies, she is status post a two-level cervical fusion, and she has one-level pseudoarthrosis in her cervical spine and cervical radiculopathy, but she does not have any impairment or combination of impairments that is listed in, or that equals in severity an impairment listed in, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Id.

 (4) "Miller has objectively identifiable, medically determinable impairments that reasonably could be expected to produce the pain and other symptoms that she alleges."  Tr. at 21.

 (5)

 Miller's allegations concerning her level of pain, subjective complaints, and functional limitations are not entirely credible or reasonably supported by the findings of the objective medical evidence, or inferences therefrom, to the extent that the claimant has alleged the inability to engage in any work activity since May 9, 2001.

Id.

 (6)

 In this case, neither the objective medical evidence, the allegations of the claimant, nor the other non-medical evidence establishes that the claimant's ability to function is so severely impaired as to preclude all work-related activities, even when taking into consideration her functional limitations and her subjective complaints.

Tr. at 23.

 (7) "Miller retains the residual functional capacity to obtain, perform, and maintain a limited range of sedentary work."  Tr. at 24.

4

    (8)

    Miller's ability to perform the full range of sedentary work is reduced by the need to avoid more than occasional kneeling, crouching, and crawling, by the need to engage in limited walking and standing (in combination, usually no more than sixty to ninety minutes at a time and four to six hours in an eight-hour workday), by the need to avoid sitting more than sixty to ninety minutes at any one time, by the need to avoid working at unprotected heights, by the need to avoid climbing ladders and scaffolds, and by the need to avoid overhead work and commercial driving.

Id.

    (9)  "Miller's past relevant work as a secretary does not require the performance of work-related activities precluded by the above limitations."  Id.

    (10)  Miller was able to perform her past relevant work as a secretary; thus she was not disabled.  Tr. at 25.

    (11)  Miller's impairments did not prevent her from performing her past relevant work as a secretary.  Id.

    (12) "Miller has not been under a 'disability' as defined in the Social Security Act, at any relevant time through the date of [the ALJ's] decision" on July 9, 2003.  Id.

The ALJ discussed the exhibits and testimony pertinent to whether Miller had a mental condition that was a significantly disabling factor.  Tr. at 20-22.  However, as the ALJ's findings mentioned above disclose, the ALJ did not find that Miller had a mental problem that interfered with her ability to perform the limited range of sedentary work that would be required for Miller to do her past relevant work as a secretary.  The ALJ concluded that Miller's mental impairments were "not 'severe,' as they have

5

mildly restricted her activities of daily living, have created mild difficulties in maintaining social functioning, have resulted in mild deficiencies of concentration, persistence, or pace, and have never resulted in episodes of decompensation since her alleged onset date."  Tr. at 21.

### III.
### Grounds Urged by Miller in Her Appeal from the Decision of the Commissioner

The grounds of Miller's appeal to this court from the Commissioner's decision were that the ALJ did not (1) properly consider all of Miller's "severe" impairments, (2) give proper consideration to the opinions of Miller's treating physicians, or (3) properly evaluate Miller's credibility.

In her argument in support of her first ground, Miller summarized evidence pertaining to physical difficulties she encountered from time to time, but she urged, as her main point, that the ALJ erred in not finding a vocationally significant mental impairment.  The argument Miller made in support of her second ground simply was that the magistrate judge should have given more deference to the opinions of her treating physicians, particularly their conclusory opinions that she was disabled.  In the final analysis, Miller's argument in support of her third ground was that the ALJ failed to consider the possibility of an emotional component of Miller's complaints of pain, with the result that he failed to properly evaluate the credibility of her complaints.

6

IV.

The FC&R

The magistrate judge recommended that the Commissioner's decision be affirmed. As to Miller's first ground, the magistrate judge concluded that the ALJ's assessment of Miller's residual functional capacity is supported by substantial evidence. The magistrate judge concluded that the ALJ gave due deference to the opinions of Miller's treating physicians. And, the magistrate judge concluded that the findings of the ALJ on issues pertaining to Miller's credibility were properly within the ALJ's discretionary powers.

V.

Miller's Objections to the FC&R

The nature of Miller's objections to the FC&R are not clearly defined. As well as the court can interpret the scattergun objections, they are similar to Miller's objections to the Commissioner's decision. The court is interpreting the objections to be that the magistrate judge should have concluded that the ALJ (1) erred in not finding that Miller had a vocationally significant mental impairment, (2) failed to give due deference to the opinion of Miller's treating physicians, and (3) failed to properly evaluate Miller's credibility regarding her subjective pain level.

7

VI.

Analysis

A.   There is Ample Support in the Record for the ALJ's Findings Concerning the Effect of Miller's Mental Condition.

In the prehearing brief Miller, through her counsel, provided to the ALJ, her emphasis was on physical problems she had encountered over the years. Tr. at 158-60, 162-65. Her short description of her mental condition was under the heading "Depression," Tr. at 161, and was limited to a statement of findings from evaluations made on May 23, 2000, October 2, 2000, October 23, 2001, January 4, 2002, June 13, 2002, and July 24, 2002, id. Nothing in Miller's submission to the ALJ suggested that Miller's mental impairments constituted a significantly disabling factor. Indeed, Miller, through her attorney, affirmatively limited the causes of her alleged disability to neck and low back problems by the introductory sentence in the prehearing brief that "Catherine Miller is a 57 year old woman who is disabled by chronic pain syndrome caused by a cervical and lumbar spine impairment, including failed fusion in her neck." Tr. at 158; 162.

None of the prehearing argument presented by Miller to the ALJ suggested that she had a vocationally significant mental impairment. Consistent with Miller's presentations, the ALJ did not find that any mental condition Miller suffered would interfere with her ability to do her past relevant work as a secretary. Although finding that Miller's mental impairments had

8

mildly restricted her activities of daily living, created mild difficulties in maintaining social functioning, and resulted in mild deficiencies of concentration, persistence, or pace, but had never resulted in episodes of decompensation since the alleged onset date, the ALJ concluded that Miller's mental impairments were not "severe."

The ALJ's decision shows that his findings and conclusions relative to Miller's mental condition were based on appropriate consideration by the ALJ of the evidence on that subject. Tr. at 20-22. Substantial evidence supports the ALJ's express and implied findings and conclusions relative to Miller's mental condition. The court accepts the magistrate judge's findings on this subject.

B.   The ALJ Gave Due Deference to the Opinions of Miller's Treating Physicians.

According to the ALJ, he could not give controlling weight to the assessments as to disability given by the treating physicians because they were not supported by, or consistent with, the objective evidence. The text of the ALJ's decision discloses that the ALJ gave the opinions of the treating physicians appropriate consideration and the weight he thought they deserved. He relied on those opinions in finding that Miller's ability to perform the full range of sedentary work was reduced by the need to avoid certain physical movements and activities.

The ALJ was entitled to draw on the knowledge he had acquired in his judicial capacity in evaluating the weight to be

9

given the opinions of Dr. Marable.  He would have been derelict in his fact-finding duties if he had accepted at face value the conclusory opinions concerning disability given by a health care provider known by him to be an unreliable source of information.

C. The ALJ Acted Within His Discretion in Determining the Credibility to Give to Miller's Subjective Complaints.

After weighing the objective medical evidence, the ALJ articulated reasons for discrediting Miller's subjective complaints.  The court finds acceptable, and adopts, the magistrate judge's findings and conclusions on this subject.  In particular, the court agrees with the magistrate judge that "[i]t is within the discretion of the ALJ to determine the disabling nature of a claimant's pain and his findings on this issue are afforded considerable deference."  FC&R at 25.  And, the court adopts the magistrate judge's conclusion that "Miller has not demonstrated that the ALJ's determination that her pain and other symptoms did not preclude the performance of a modified range of sedentary work is either an abuse of that discretion or unsupported by substantial evidence."  Id.

VII.

Conclusion and Order

For the reasons stated above, the court concludes that all objections of plaintiff to the FC&R are without merit. Therefore, the court accepts the magistrate judge's proposed findings, conclusions, and recommendations.  Consistent therewith,

10

The court ORDERS that the Commissioner's decision be, and is hereby, affirmed.

SIGNED April 20, 2006.

        /s/John McBryde
    JOHN McBRYDE
    United States District Judge